UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>       v.<br><br>DYSHAWN MOSS,<br><br>                Defendant. | Criminal Action No. 19-701 (MAS)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on the United States of America's (the "Government") supplemental motion *in limine* raised during the parties' pretrial scheduling conference held on October 19, 2022. Defendant Dyshawn Moss ("Moss") opposed. The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1(b), which is applicable to criminal cases under Local Criminal Rule 1.1.

The Court hereby incorporates by reference and adopts the facts and procedural background detailed in its Memorandum Opinion (the "Opinion") on the parties' prior motions. *United States v. Moss*, No. 19-701, 2021 WL 1196451, at *1 (D.N.J. Mar. 30, 2021), ECF No. 72. After the Court issued its Opinion, the parties submitted additional pretrial motions asking the Court to issue a series of pretrial orders and decisions on evidentiary matters. (*See* ECF No. 146.) The Court granted in-part and denied in-part, without prejudice, the parties' motions. (*Id.*)

Now before the Court is the Government's subsequent motion *in limine* asking the Court to issue a preliminary ruling on the admissibility of statements made by Moss during a post-arrest (recorded) interview that sounds in prior bad acts. The specific statements include Moss telling law enforcement that he "one time" traveled to Queens, New York to "money launder[]" with individuals unrelated to the instant offenses. (May 23, 22019 Moss Interview Tr. 51:5-15.) Indeed, during the interview, law enforcement seemed to recognize that they already discussed what Moss

was "arrested . . . for" and then began discussing "in general, [Moss's] conduct" that they ensured Moss would not cause him additional criminal charges. (*Id.* at 51:15-54:7.) Thus, because the contested evidence pertains to prior criminal acts unrelated to the present charges, the Government shoulders the burden of demonstrating that the statements fall under Federal Rule of Evidence 404(b). It fails to do so.

Rule 404(b), the basic rule governing the admissibility of character evidence, provides:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

*United States v. Sampson*, 980 F.2d 883, 886 (3d Cir. 1992). For prior bad act evidence: "(1) the evidence must have a proper purpose under Rule 404(b); (2) it must be relevant under Rule 402; (3) its probative value must outweigh its prejudicial effect under Rule 403; and (4) the court must charge the jury to consider the evidence only for the limited purpose for which it is admitted." *Id.* (citing *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988)). Here, the Government *first* fails to establish a proper purpose and, in any event, *second* fails to convince the Court that its probative value outweighs its prejudicial effect. Starting with former, the Government loosely articulates a connection between money laundering, cash, and drug dealing, noting that the jury generally can consider cash as relevant to the drug distribution counts. But absent from the Government's Rule 404(b) articulation is how Moss's undated prior money laundering episode bears any relation to the instant offense, including a lack of proximity, same players, or any other nexus. Next, to be sure, the evidence also fails to survive a Rule 403 analysis. Any tentative connection the Government may establish between the prior money laundering event in Queens and the instant drug offenses has little probative value compared to the unfair prejudice of the jurors hearing about prior criminality and Moss's connection to unsavory individuals. *See* Fed. R. Evid. 403. The Court,

therefore, excludes the statements under Rule 403 as well. The Government must redact these statements from its evidence.

I.  **ORDER**

Based on the foregoing, and for other good cause shown,

**IT IS THEREFORE**, on this 20th day of October 2022, **ORDERED** as follows:

1. The Government's motion *in limine* regarding the admissibility of statements regarding prior bad acts is **DENIED**.

2. The Government shall redact its evidence to exclude these statements.

_____
Michael A. Shipp
United States District Judge